CITY OF PROVIDENCE vs. JOHN BLIGH & others.

The condition of a bond being that "Whereas the board of aldermen of the said city of Providence have voted that a license be granted to said principal to sell spirituous and intoxicating liquors," &c. "Now therefore if the said principal shall not violate any of the provisions of the laws aforesaid, then the aforewritten obligation shall be void;" *held*, that the said condition must be construed as being in compliance with the provisions of chapter 670 of the Statutes, that before granting any license the person applying therefor shall give bond conditioned "that he will not violate any of the provisions of this act."

BRAYTON, C. J. This suit is upon a bond made by defendants to the city treasurer of the city of Providence for the penal sum of one thousand dollars.

The defendants have craved oyer of the bond, and it was read to them, as they say, in these words : " Know all men by these presents, that we, John Bligh as principal, and John B. Hennessy and Albert Bowen as sureties, all of the city and county of Providence, in the State of Rhode Island, are held and firmly bound unto the city of Providence, a municipal corporation in said state, in the full sum of one thousand dollars, to be paid to the said city of Providence, to the true payment whereof on demand we bind ourselves, our respective heirs, executors, and administrators jointly and severally, firmly by these presents. Sealed with our seals, this third day of July, in the year of our Lord one thousand eight hundred and seventy-one ; " and thereupon filed their demurrer to the plaintiff's declaration, and for cause of demurrer say that the condition of said bond is that the said Bligh shall not violate any of the laws of the state. Whereas the condition of the bond, required and authorized to be taken by chap. 670 of the Statutes, is that he will not violate any of the provisions of said chap. 670.

The condition of the bond is : " Whereas the board of aldermen of the said city of Providence, pursuant to the laws of Rhode Island, have voted that a license be granted to said principal to

sell spirituous and intoxicating liquors at retail, to be drank on the premises at No. 54 Acorn Street, in said city of Providence, for the term from the date hereof until the first day of July next ensuing, unless sooner revoked by said board, and said principal has also paid to the city treasurer of said city the sum of three hundred and fifty dollars.

" Now, therefore, if the said principal shall not violate any of the provisions of said laws, then the aforewritten obligation shall be void."

The only laws of Rhode Island pursuant to which the board of aldermen could have granted or voted to grant any license for the sale of spirituous or intoxicating liquors, are all comprehended in chap. 670, an act to repeal chap. 444 of the Statutes, entitled " An act to regulate and restrain sales of intoxicating liquors, and for other purposes."

This chap. 670 authorizes the granting of licenses in the discretion of the board of aldermen. It reënacts the chapters 73, 77, and 78 of the Revised Statutes, which had been repealed by chap. 444, with all their prohibitions, except as modified by chap. 670, and then contains all the prohibitions against sale of liquor. So that this chap. 670 constitutes the body of laws relating to the sale of liquor which affect or are affected by the granting of license to sell, and in particular the license granted to this defendant Bligh. Before granting any license, under the provisions of this act and these laws, the person applying therefor shall give bond to the city treasurer, conditioned that he will not violate any of the provisions of this act, — the act under the provisions of which they grant license. This bond is the condition upon which only license can be had by the person applying. In order to validate his license, the defendant Bligh tendered this bond, conditioned that he would not violate any of the provisions of the said laws, pursuant to which the board of aldermen had voted to give him license. The board of aldermen received it as a bond by which he bound himself not to violate any of the said laws pursuant to which they were acting. It must have been so understood by said Bligh, the defendant, for otherwise it would not validate his license, and the sum which he paid was money lost, and he left liable to the penalties of the law for

every sale he might make under color of it, and would make him liable for every day he may have sold.

The claim for a strict construction, made by the counsel because this is a penal statute, though the proceeding is by civil suit, is a hard rule for the defendant, and would only be given him because he asks for it, and is willing to stand as a criminal.

But were the parties really mistaken in the construction which they have given to this bond, and to the condition of it? Does the condition bind him to keep all the laws of this state whatever may be the duty required, and to what subject soever the duty may relate? The defendant knew what those laws were in pursuance of which he could be licensed, and under which only he could be; that if the board of aldermen gave authority to sell spirituous or intoxicating liquor, they must do it in pursuance of this chap. 670, which absolutely prohibits the sale of such liquor to all persons, unless specially licensed so to do.

These were the laws specially relating to the sale of liquors to regulate and restrain the sale, and were the only laws relating to that subject. They prohibit a licensed person from selling on Sunday, from selling to minors, from selling to persons habitually intemperate, from selling at any other place than that licensed, from selling in any other quantity than that licensed, or to be drank on the place licensed, if so the license specifies.

We think that the condition must be construed with reference to the laws under which the board of aldermen were acting, those laws relating to the subject. The defendant's license protected him from all the penalties provided in these laws so long as he should act within it, and he was to bind himself that he would keep within it, and not violate any of these provisions by selling in any other manner, at any other times, to any other persons, or to be drank on the premises, otherwise than as he was licensed to do. The laws under which the board of aldermen were acting, and pursuant to which they granted the license, were in substance and effect the provisions created and existing at that time by force of the chap. 670.

Had the defendant Bligh been prosecuted for selling liquor without license, and he set up this license as a defence, and it had been objected that this license was void because no sufficient or lawful bond had been given to warrant the grant by the board

of aldermen, we must have given the bond this construction, and held the license a sufficient defence. We must give it the same construction now in this civil proceeding as we should have done were he prosecuted criminally.                    *Demurrer overruled.*

*Parkhurst*, for plaintiff.

*Metcalf*, for defendants.